JILL H. FORD
Chapter 7 Panel Trustee

P.O. Box 5845
CAREFREE, AZ 85377

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| In re: | Chapter 7 |
|---|---|
| DOTTS, THERESA LYNNE | Case No. 18-01164-PHX BKM |
|  | NOTICE OF TRUSTEE SALE |
| Debtor(s) |  |

NOTICE IS HEREBY GIVEN that property belonging to the estate of the above-named debtor(s) will be sold to the person making the highest and best offer on May 25, 2018 at 8:30 a.m. at 230 N. First Avenue, Suite 102, Phoenix, AZ 85003.

Property to be sold: Estate's interest in Inland Oasis Group, Inc. Debtor asserts an unknown percentage interest in Inland Oasis Group, Inc., which owns/operates "The Reef" bar and restaurant at 2041 N. Arizona Ave. Chandler, AZ 85225. Inland Oasis Group, Inc. is in its own chapter 11 bankruptcy in Arizona, Case No. 2:17-bk-13376-MCW. Relevant documents are attached hereto as **Exhibit A**. Additional information is available on the Arizona Corporation Commission and Bankruptcy Court (PACER) websites.

Terms of Sale: Cashiers Check. The sale is "as is, where is" without any representations or warranties of any kind or nature. Inland Oasis Group, Inc. has filed for Chapter 11 in the United States Bankruptcy Court for the District of Arizona, Case No. 2:17-bk-13376-MCW. The sale is subject to all liens, claims and interests, including, but not limited to, any restrictions which may be imposed pursuant to the bankruptcy proceeding of Inland Oasis Group, Inc., by any shareholder agreement or other applicable agreements. There is not an appraisal of the property. Interested parties are expected to conduct their own due diligence.

To: SM Financial Services Corporation

Purchase price: $1,000.00

or any person making a higher and better offer at the time and date set for the sale. All sales are subject to sales tax unless the property being sold is tax-exempt or a resale number is used as proof of exemption.

Questions regarding the sale can be directed to Patrick Derksen, Attorney for the Trustee, at 602-680-7332.

Any person opposing the sale shall file a written objection on or before five days prior to the sale date with the Clerk of the U.S. Bankruptcy Court, 230 N. 1st Avenue, Suite 101, Phoenix, AZ and mailed to the trustee JILL H. FORD at the following address: P.O. Box 5845, CAREFREE AZ 85377.

If a person timely objects in writing and a hearing is requested but has not yet been conducted by the scheduled sale, bids will still be taken and the normal sales procedure followed. The closing of the sale remains dependent upon the outcome of the Court hearing on the objection.

The property sold is all right, title and interest of the Bankruptcy estate in and to such property, if any, subject to any and all liens, claims and interest. The property is sold "as is, where is" without warranty of any kind including, but not limited to, title, fitness, merchantability or otherwise.

| | |
|---|---|
| April 27, 2018 | /s/ Jill H. Ford |
| Date | JILL H. FORD, Trustee |

Case 2:18-bk-01164-BKM    Doc 24    Filed 04/27/18    Entered 04/27/18 09:41:02    Desc
Main Document    Page 2 of 14

# Exhibit A

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF ARIZONA | | PROOF OF INTEREST |
|---|---|---|
| Name of Debtor:<br><br>Inland Oasis Group, Inc. | Case Number:<br><br>2:17-bk-13376-MCW | |

| | | |
|---|---|---|
| 1. **Name of holder of the Equity Security Interest** (The person or equity holding an Equity Security Interest in the Debtor. Referred to hereinafter as the "Interest Holder"):<br><br>    Jill H. Ford, chapter 7 trustee of<br>    the Theresa Lynn Dotts fka<br>    Theresa Vargovich bankruptcy<br>    estate | ☐ Check box if you are aware that anyone else has filed a proof of interest relating to your interest. Attach copy of statement giving particulars.<br><br>☐ Check box if you have never received any notices from the bankruptcy court or the Debtors in this case. | |
| Name and address where notices should be sent:<br><br>    c/o Patrick T. Derksen<br>    Witthoft Derksen, P.C.<br>    3550 N. Central Ave., Suite 1006<br>    Phoenix, AZ 85012<br><br>Telephone Number: 602.680.7332 | ☐ Check box if this address differs from the address on the envelope set to you by the Debtors. | |
| NOTE: This form SHOULD NOT be used to make a claim against the Debtor for money owed. A separate Proof of Claim form should be used for that purpose. This form should only be used to assert an Equity Security Interest in the Debtor. An Equity Security Interest is any right arising from any capital stock and any equity security in the Debtor. An equity security is defined in the Bankruptcy Code as (a) a share in a corporation whether or not transferable or denominated "stock" or similar security, (b) an interest of a limited partner in a limited partnership, or (c) a warrant or right, other than a right to convert, to purchase, sell, or subscribe to a share, security, or interest of a kind specified in subparagraph (a) or (b) above. | | **THIS SPACE IS FOR COURT USE ONLY** |
| Account or other number by which Interest Holder identifies Debtor: | Check here if this claim:<br>☐ replaces a previously filed Proof of Interest dated:<br>☐ amends a previously filed Proof of Interest dated: | |
| 2. **Name and Address of any person or entity that is the record holder for the Equity Security Interest asserted in this Proof of Interest:**<br>Theresa Lynn Dotts fka Theresa Vargovich<br><br><br>Telephone Number: | 3. **Date Equity Security Interest was acquired:**<br><br>    Unknown | |
| 4. **Total amount of member interest:** Unknown % | 5. **Certificate number(s):** Unknown | |
| 6. **Type of Equity Interest:**<br>Please indicate the type of Equity Interest you hold:<br><br>    Shareholder owning unknown percentage interest | | |
| 7. **Supporting Documents:** <u>Attach copies of supporting document</u>, such as stock certificates, option agreements, warrants, etc. DO NOT SEND ORIGNAL DOCUMENTS. If the documents are not available, explain: | | |
| 8. **Signature:**<br>I declare under penalty of perjury that the information provided in this proof of interest is true and correct to the best of my knowledge, information and reasonable belief. | | **THIS SPACE FOR COURT USE ONLY** |
| Date<br><br>4/20/18 | Sign and print the name and title if any, of the Interest Holder or other person authorized to file this proof of interest (attached copy of power of attorney, if any):<br><br>/s/ Patrick T. Derksen, counsel for Jill H. Ford, chapter 7 trustee of the Theresa Lynn Dotts fka Theresa Vargovich bankruptcy estate | |

*Penalty for presenting fraudulent claim is a fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 US.C. §§ 152 and 3571*

# EXHIBIT A

CERTIFIED COPY

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FN 2016-093856 11/20/2017

HONORABLE RODRICK COFFEY

CLERK OF THE COURT
J. Calkins
Deputy

IN RE THE MARRIAGE OF
THERESA LYNNE VARGOVICH

THERESA LYNNE VARGOVICH
1071 E WASHINGTON AVE
GILBERT AZ 85234

AND

MARK ROBERT VARGOVICH

MARK ROBERT VARGOVICH
PO BOX 1102
GILBERT AZ 85299

DOCKET-FAMILY COURT-SE

### DECREE OF DISSOLUTION

At the conclusion of the evidentiary hearing on September 25, 2017, the Court took under advisement Petitioner/Wife, Theresa Lynne Vargovich's Petition for Dissolution of a Non-Covenant Marriage, filed September 6, 2016. After considering all of the evidence presented during the hearing on August 10, 2017 including the credibility of the witnesses who testified during the hearing, the Court now rules on that Petition.

After significant deliberation, the Court makes the following findings and enters the following orders:

**THE COURT FINDS** as follows:

A. At the time this action was commenced at least one of the parties was domiciled in the State of Arizona and that said domicile had been maintained for at least 90 days prior to the filing of the Petition for Dissolution of Marriage.

B.  The conciliation provisions of A.R.S. § 25-381.09 have either been met or do not apply.
C.  The parties were married on May 8, 2015. By operation of law, the marital community is deemed to have terminated on November 20, 2017.
D.  The marriage is irretrievably broken and there is no reasonable prospect for reconciliation.
E.  There are no minor children common to the parties.
F.  Wife is not pregnant.
G.  This was not a covenant marriage.
H.  To the extent that it has jurisdiction to do so, the Court has considered, approved and made provision for the maintenance of each spouse and the division of property and debts.

### Jurisdictional Findings

**THE COURT FINDS** that the parties have resided in Arizona continuously for at least the six months preceding the filing of the petition for paternity. This Court, therefore, has jurisdiction.

### DISSOLUTION OF MARRIAGE

**IT IS ORDERED** dissolving the marriage of the parties and restoring each party to the status of a single person.

### RESTORATION OF NAME

Wife requested to have her name restored.

**IT IS THEREFORE ORDERED** restoring Wife to her former name, Theresa Lynne Dotts.

### SPOUSAL MAINTENANCE

Neither party is seeking an award of spousal maintenance. Accordingly,

**IT IS ORDERED** that neither party shall receive any spousal maintenance.

## DIVISION OF PROPERTY AND DEBTS

The Court shall divide any disputed property in accordance with the property's character. Property is characterized by the time of its acquisition. If acquired by either spouse before marriage or acquired during marriage by gift, devise, or descent, property is characterized as separate property. A.R.S. § 25-213(A). The Court shall assign each spouse's sole and separate property to that spouse. A.R.S. § 25-318(A).

Property acquired by either spouse during marriage is characterized as community property (with the exceptions of property acquired by gift, devise, or descent). A.R.S. § 25-211(A). There is a presumption that any property acquired by either spouse during marriage is community property, unless demonstrated otherwise by clear and convincing evidence. *See Sommerfield v. Sommerfield*, 121 Ariz. 575, 578, 592 P.2d 771, 774 (1979). Any property acquired by either spouse outside of Arizona shall be deemed to be community property if such property would have been characterized as community property had it been initially acquired in Arizona. A.R.S. § 25-318(A).

### Equitable Division

The Court shall divide community property equitably, although not necessarily in kind, without any regard to marital misconduct. A.R.S. § 25-318(A). As a general presumption, equitable division requires that community property be divided substantially equally. *See Toth v. Toth*, 190 Ariz. 218, 221, 946 P.2d 900, 903 (1997). However, the court may order an unequal division of community property in consideration of excessive or abnormal expenditures or the destruction, concealment, or fraudulent disposition of property. A.R.S. § 25-318(C).

When dividing property, the Court may consider all related debts and obligations. A.R.S. § 25-318(B). To determine property's value, the court shall select a valuation date. The selection of this valuation date rests within the wide discretion of the trial court and shall be tested upon review by the fairness of the result. *See Sample v. Sample*, 152 Ariz. 239, 242-43, 731 P.2d 604, 607-08 (Ct. App. 1986).

**THE COURT FINDS** that this case does not present a unique set of facts or circumstances. Therefore, an equal division of community property is appropriate to achieve equity.

The primary issue that was the subject of the September 25, 2017 trial pertains to the business known as Inland Oasis Group, Inc. The parties have a dispute regarding their respective ownership interests in that entity. The Court does not find that the marital community has an interest in the entity. Whatever interest each party owns in the entity is that party's sole and

separate property. To the extent that any of the parties have a dispute about their respective interests in the entity or the value of those interests, those issues must be resolved in a separate civil action.

**IT IS ORDERED** that Husband shall keep his interest in Inland Oasis Group, Inc. as his sole and separate property.

**IT IS FURTHER ORDERED** that Wife shall keep her interest in Inland Oasis Group, Inc. as her sole and separate property.

[handwritten: Chapter 11 now. ex H has. 17-13376]

### Real Property

**THE COURT FINDS** that the marital community does not have an interest in any real property. Moreover, there is no proof that the marital community added any value to any real property that was or is owned by Husband. The marital community therefore does not have any lien or interest in any real property that is owned by Husband.

### Personal Property

**THE COURT FINDS** that the marital community does not have an interest in any personal property.

**IT IS ORDERED** Husband is awarded as his sole and separate property, subject to any liens or encumbrances on the property, all vehicles, household furniture, furnishings and appliances, and other personal property currently in his possession.

**IT IS FURTHER ORDERED** Wife is awarded as her sole and separate property, subject to any liens or encumbrances on the property, all vehicles, household furniture, furnishings and appliances, and other personal property currently in her possession.

### Financial Accounts

**THE COURT FINDS** that the parties do not have any joint financial accounts to be divided at this point.

**IT IS ORDERED** Husband is awarded as his sole and separate property, subject to any liens or encumbrances all bank accounts and financial accounts that are under his control.

**IT IS FURTHER ORDERED** Wife is awarded as her sole and separate property, subject to any liens or encumbrances all bank accounts and financial accounts that are under his control.

### Debts

Wife testified about various debts including taxes and a business loan. But, those debts are related to the business. Although Wife personally guaranteed a loan, under Arizona law, the marital community is not obligated to pay a personal guarantee unless the guarantee is executed by both spouses. *Consol. Roofing & Supply Co. v. Grimm*, 140 Ariz. 452, 458, 682 P.2d 457, 463 (App. 1984); A.R.S. § 25–214(C)(2). No evidence of any other debts was presented to the Court. The Court therefore finds that there are no community debts to divide.

**IT IS ORDERED as follows:**

- Husband shall be solely responsible for any credit card or debt in his name incurred after service of the Petition.

- Wife shall be solely responsible for any credit card or debt in her sole name incurred after service of the Petition.

- Any community debts that were not identified at the time of the trial shall be divided equally between the parties.

- Husband shall ensure that Wife's name is removed from all the credit accounts assigned to him in this Decree by **December 31, 2017**.

- Wife shall ensure that Husband's name is removed from all the credit accounts assigned to her in this Decree by **December 31, 2017**.

- Each party shall pay any debt incurred by him or her respectively since the date of service of the Petition in this matter.

- Each party shall indemnify and hold harmless from any and all debts designated as the responsibility of that party by the terms set forth in this Decree.

### Equalization

**THE COURT FINDS** that the above allocation of the real and personal property, when considered with the division of debt, is fair and equitable under the circumstances and that no further adjustments are necessary.

Case 2:18-bk-01164-BKM   Doc 24   Filed 04/27/18   Entered 04/27/18 09:41:02   Desc
Main Document     Page 10 of 14

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FN 2016-093856          11/20/2017

## OTHER ORDERS

The Court has also considered Petitioner's Expedited Motion for Injunction, which was filed on September 29, 2017, after the trial. As the Court previously explained, disputes regarding the ownership interests, control and/or value of Inland Oasis Group, Inc. must be addressed in a separate civil action. Because the marital community does not have an interest in that entity, the sale of the entity or any of its assets cannot be resolved in this dissolution proceeding. Additionally, the Court does not find that the property that Petitioner identified in her Motion are community assets. The Court heard testimony regarding that property during the trial. Respondent acquired those assets before the marriage and at all relevant times, they have remained his sole and separate property. Accordingly, the sale of those assets did not violate the preliminary injunction.

**IT IS ORDERED** denying Petitioner's Expedited Motion for Injunction.

**IT IS FURTHER ORDERED** denying any affirmative relief sought before the date of this Order that is not expressly granted above.

**IT IS FURTHER ORDERED** signing this minute entry as a formal order of this Court pursuant to Rule 81(D), Arizona Rules of Family Law Procedure.

DATED this 20 of November, 2017.

/s/
HONORABLE RODRICK COFFEY
JUDGE OF THE SUPERIOR COURT

All parties representing themselves must keep the Court updated with address changes. A form may be downloaded at: http://www.superiorcourt.maricopa.gov/SuperiorCourt/LawLibraryResourceCenter/.

# EXHIBIT B

ORDERED ACCORDINGLY.

Dated: March 14, 2018

*Brenda K. Martin*
Brenda K. Martin, Bankruptcy Judge

Patrick T. Derksen (State Bar I.D. No. 023178)
Theodore P. Witthoft (State Bar I.D. No. 021632)
Sara R. Witthoft (State Bar I.D. No. 023521)
**WITTHOFT DERKSEN, P.C.**
3550 North Central Avenue, Suite 1006
Phoenix, Arizona 85012
Telephone: (602) 680-7332
Facsimile: (602) 357-7476
Email: pderksen@wdlawpc.com
Email: twitthoft@wdlawpc.com
Email: switthoft@wdlawpc.com

Attorneys for Trustee, Jill H. Ford

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

In re:

THERESA LYNNE DOTTS, aka THERESA VARGOVICH,

Debtor.

Chapter 7

Case No. 2:18-bk-01164-BKM

**ORDER AUTHORIZING EMPLOYMENT OF COUNSEL**

Chapter 7 trustee Jill H. Ford ("Trustee"), having requested authority to employ and appoint the law firm of Witthoft Derksen, P.C. (the "Firm") to represent and assist the Trustee in pursuing the Estate's interests; the Trustee's application having been accompanied by the Declaration of Patrick T. Derksen ("Derksen") which demonstrates Derksen is an attorney duly admitted to practice in this Court and that the law firm of Witthoft Derksen, P.C., represents no entity holding an adverse interest to the Estate or the Trustee, and that the Firm is a disinterested party; it appearing to the Court that employment of the Firm would be in the best interest of the Bankruptcy Estate; and good cause appearing, it is:

ORDERED, pursuant to 11 U.S.C. § 327 and Bankruptcy Rule 2014, that the Trustee be and hereby is authorized to employ the law firm of Witthoft Derksen, P.C., as counsel to

represent the Trustee in this case effective as of March 14, 2018, the filing date of the Application.

IT IS FURTHER ORDERED that legal services rendered by Witthoft Derksen, P.C., on behalf of the Trustee and this Estate be charged on an hourly basis in accordance with the terms set forth in the Trustee's application to employ said Firm, and that costs be charged by the Firm to the Estate and that approval of employment of a professional person DOES NOT automatically approve any fee arrangement set forth in the application or any attachments thereto. No fees are pre-approved by the court. Any request for a professional fee must be made separately, by a detailed application supporting the request, notice must be given to creditors and other parties-in-interest, and the court must have an opportunity to review any objections which any party may have. The court may also consider the application in the absence of any objections, and may adjust the fees according to the merits of the particular case. 11 U.S.C. §§ 327, 329, 330, and 331.

**DATED AND SIGNED ABOVE.**